**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Danelle Kay FERGUSON,**
**Defendant–Appellant.**

No. 07–30189.

United States Court of Appeals,
Ninth Circuit.

Submitted March 3, 2008.*

Filed March 18, 2008.

Lori Harper Suek, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: FERNANDEZ and BEA, Circuit Judges, and EZRA,** District Judge.

**MEMORANDUM ***

Danelle Kay Ferguson appeals her sentence for second degree murder of her

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

child. *See* 18 U.S.C. §§ 1111, 1153(a). She asserts that the district court committed a procedural error in failing to consider her "history and characteristics" under 18 U.S.C. § 3553(a) and that the sentence was not reasonable. We affirm.

As it was required to do, the district court first calculated the advisory Guideline range.[1] It then considered that range[2] plus the other factors set forth in 18 U.S.C. § 3553(a), including Ferguson's "history and characteristics," before imposing a sentence higher than the range. We have reviewed the record, including the sentencing transcript, and we hold that the district court did not: (1) commit a procedural error or (2) abuse its discretion by imposing an unreasonable sentence. *See Gall,* —— U.S. at ——, 128 S.Ct. at 597; *Kimbrough v. United States,* —— U.S. ——, ——, 128 S.Ct. 558, 575–76, 169 L.Ed.2d 481 (2007); *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2466–67, 2469–70, 168 L.Ed.2d 203 (2007); *United States v. Nichols,* 464 F.3d 1117, 1124–25 (9th Cir.2006).

AFFIRMED.

---

1. *See Gall v. United States,* —— U.S. ——, ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007); *United States v. Booker,* 543 U.S. 220, 259–60, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005); *United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006).

2. *See* USSG §§ 2A1.2, 3A1.1(b)(1), 3E1.1 (Nov. 1, 2006).

